.THE STATE, JOSEPH R. CURRY AND OTHERS, PROSECU-
TORS, v. GEORGE ELVINS, COLLECTOR OF HAMMON-
TON.

1. The township of Hammonton, in Atlantic county, was set apart from
   the townships of Mullica and Hamilton, in 1865. The act was enti-
   tled "an act to incorporate the town of Hammonton, in the township
   of Mullica, in the county of Atlantic." *Held*, that the omission to
   mention the township of Hamilton in the title of the act was not
   material, and that the object of the act, as expressed in the title, was
   a sufficient compliance with the provision of Section 7, Article IV. of
   the constitution.
2. It was objected that by an assessment made according to the directions
   of the act, tax-payers formerly of the township of Hamilton were sub-
   ·jected to a portion of the indebtedness of the township of Mullica,
   which they had no agency in contracting; but the court held that the
   territory taken from the two townships was subjected in its former rela-
   tions to certain encumbrances, and justice required that the same en-
   cumbrances should go with the territory when taken for a new town.

Argued before Justices ELMER, BEDLE, and DALRIMPLE,
by—

*Alfred Hugg*, for prosecutors.

*Peter L. Voorhees*, for defendant.

The opinion of the court was delivered by

DALRIMPLE, J.   By an act, approved fifth March, 1866,
(*Laws of* 1866, *p.* 188,) the town of Hammonton, in the
county of Atlantic, was set apart from the townships of Mul-
lica and Hamilton, and incorporated.   The act is entitled
" an act to incorporate the town of Hammonton, in the town-
ship of Mullica, in the county of Atlantic."   Mullica and
Hamilton townships had, respectively, incurred certain debts
to pay bounties to volunteers.   By the twenty-eighth sec-
tion of the act referred to, the town council of Hammonton,
and the township committees of Hamilton and Mullica, were to
meet in joint convention, on the second Tuesday of April next
after the passage of the act, and ·ratably impose, divide, and

apportion the liabilities, funds, revenues, and estates of said townships of Hamilton and Mullica, among the three municipalities, in proportion to the taxable property and ratables as taxed by the assessors at the then last annual assessment. On that basis Hammonton is made liable to pay its just proportion of the debts and liabilities of the two townships from which it was taken. The tax removed by this *certiorari* was assessed to pay, among other purposes, a portion of the debts of Hamilton and Mullica, which the joint committee had decided fell to Hammonton to pay.

The prosecutors are residents of that part of Hammonton which was formerly embraced within the limits of Hamilton, and contend that they are not liable to be assessed to pay debts contracted by Mullica.

It is insisted, in the first place, that the act incorporating Hammonton is unconstitutional and void, because the object thereof is not expressed in the title, as required by Paragraph four, in Section 7 of Article IV., of the constitution of this state. The object of the act is to incorporate the new town. That object is explicitly stated in the title. True, the further statement that the town to be incorporated is " in the township of Mullica," follows; whereas, by the first section of the act it appears that a part of Hamilton, as well as a part of Mullica, is included within the bounds of Hammonton. Notwithstanding this inaccuracy, I think the object of the statute is expressed with sufficient certainty. Any statement in the title, as to the territory to be taken to form the new town was unnecessary. Such statement goes beyond the mere expression of the object of the statute, and is a particularity which the constitution does not require. A mistake in that regard cannot invalidate a statute otherwise legal. The constitution does not require that any of the provisions of the bill shall be stated in the title. If the main object of the bill is embraced in the title, the requirements of the constitution have been complied with. There is respectable authority which holds that a constitutional provision, substantially the same as that now

State, Curry et al., pros., v. Elvins, Col.

under consideration is only directory. *Sedgwick on Stat. and Constitutional Law* 570.

That, however, is in this state an open question, which it is not now necessary to decide.

The second reason assigned for reversal is, that the prosecutors, never having been taxable inhabitants of Mullica, cannot legally be assessed to pay her debts.

It being within the province of the legislature to incorporate the new town, the power to provide for the payment of the debts of the municipalities from which the new town was taken, seems necessarily to follow. I am not aware of any constitutional or other law, whereby the inhabitants of Hammonton are shielded from the payment of a due proportion of the debts and liabilities of Mullica and Hamilton, a part of whose territory was taken to form what is now called the town of Hammonton. The territory thus taken, was subjected, in its former relations, to certain encumbrances. The first principles of justice seem to require, that the same encumbrances should go with the territory when taken for a new town. What these encumbrances were was for the legislature to determine. The proper proportions for Hammonton to pay, could have been specifically fixed in the act itself. The more satisfactory course was, perhaps, that adopted. The adjustment of the matter is committed to the committees of the three towns, with certain directions as to time and place of meeting, and mode of proceeding. There is no complaint that the committeemen have not proceeded in the manner required by the act.

The assessment is valid, and must be, in all things, affirmed.